Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
ALICE UTTER

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| ALICE UTTER, | ) |
| | ) |
| Plaintiff, | ) **Case No.:** 2:21-cv-1527 |
| | ) |
| v. | ) |
| | ) **PLAINTIFF'S COMPLAINT** |
| KEYSTONE WEALTH | ) |
| MANAGEMENT GROUP LLC, and | ) |
| GORDON SYIER HAWKINS | ) |
| BROWN, | ) |
| | ) |
| Defendant. | ) |

## <u>PLAINTIFF'S COMPLAINT</u>

Plaintiff, ALICE UTTER ("Plaintiff"), by and through her attorneys, Agruss Law

Firm, LLC, alleges the following against KEYSTONE WEALTH MANAGEMENT

GROUP LLC and GORDON SYIER HAWKINS BROWN ("Keystone" and "Brown"

respectively and "Defendants" collectively):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Count II of Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("RFDCPA").

**JURISDICTION AND VENUE**

3. This court has jurisdiction under the FDCPA, 15 U.S.C. § 1692k, as well as pursuant to 28 U.S.C. §§ 1331, 1337, and 1367.

4. This court has supplemental jurisdiction over the state law claim alleged herein pursuant to 28 U.S.C. § 1367(a) because it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

5. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District and a material portion of the events at issue occurred in this District.

**PARTIES**

6. Plaintiff is a natural person residing in the City of Lancaster, Los Angeles County, State of California.

7. Plaintiff is a consumer and a debtor as those terms are defined by the FDCPA and RFDCPA respectively.

8.  Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the RFDCPA.

9.  Defendant is a debt collector as that term is defined by the FDCPA and the RFDCPA.

10. Each Defendant is a debt collector as that term is defined by the FDCPA and RFDCPA.

11. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

12. Keystone is a Georgia limited liability company and national collection agency located in the City of Marietta, Cobb County, State of Georgia.

13. Brown is a natural person and debt collector residing in the State of Georgia.

14. Defendants' business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. When an unpaid, outstanding account is placed with Defendants it is assigned a file number.

16. The principal purpose of Defendants' business is the collection of debts allegedly owed to third parties.

17. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties.

18. During the course of their attempts to collect debts allegedly owed to third parties, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendants acted themselves and through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

20. Employees can be held personally liable under the FDCPA. *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051 (C.D. Cal. 2009); see also, *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal 2008).

21. Most courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, members, or directors from personal liability under the FDCPA. See *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal. 2008); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail Recovery, Inc.*, 851 F. Supp. 61 (E.D.N.Y. 1994); *Del Campo v. Kennedy*, 491 F. Supp. 2d 891 (N.D. Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F. Supp. 2d 389 (E.D. Pa. 2004); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848 (D. Ar. 1999); *Pikes v.*

*Riddle*, 38 F. Supp2d 639 (N.D. Il. 1998); *Ditty v. CheckRite*, 973 F.Supp. 1320 (D. Utah 1997).

### *Alice Utter v. Keystone Wealth Management Group, LLC*

22. Keystone is attempting to collect a consumer debt from Plaintiff, allegedly originating from an unpaid payday loan—a debt that Plaintiff does not owe.

23. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

24. Within in the last year, Keystone has attempted to collect a consumer debt from Plaintiff.

25. In or around May 2020, Keystone began calling Plaintiff's son in an attempt to collect the alleged debt.

26. Keystone calls Plaintiff's son, Craig on Plaintiff's son, Craig's cellular telephone at 661-902-3614.

27. Keystone calls Plaintiff's son, Craig from several telephone numbers, including 661-336-9655, which is one of Keystone's telephone numbers.

28. In or around June 2020, Plaintiff's son, Craig returned one of Defendant's collection calls to find out what Defendant wanted.

29. During the above-referenced call, Keystone's collector disclosed to Plaintiff's son, Craig that Plaintiff allegedly owed a debt and threatened legal action against Plaintiff.

30. In or around June 2020, Plaintiff called Defendant in response to the threats that Defendant made to Plaintiff's son, Craig.

31. During the above-referenced collection call:

    a. Keystone's collector answered the phone with the greeting "law firm";

    b. Plaintiff disputed owing the alleged debt;

    c. Keystone's collectors made threats of legal action against Plaintiff;

    d. Keystone's collectors threatened Plaintiff with arrest; and

    e. Keystone's collectors accused Plaintiff of committing a crime.

18. Despite Plaintiff disputing owing the alleged debt, Defendant's collectors continued to call Plaintiff in an attempt to collect the alleged debt.

19. Defendant calls Plaintiff at 661-483-6108 in its attempts to collect the alleged debt.

20. Despite having already located Plaintiff and speaking to Plaintiff, Keystone also calls Plaintiff's son, Christopher in an attempt to collect the alleged debt.

21. Keystone calls Plaintiff's son, Christopher on Plaintiff's son, Christopher's cellular telephone at 661-468-0340.

22. Keystone calls Plaintiff's son, Christopher from several telephone numbers, including 661-336-9655, which is one of Keystone's telephone numbers.

23. Plaintiff's son, Christopher has answered at least one of Keystone's collectors telephone calls and spoke to Keystone's collectors who disclosed to Plaintiff's

son, Christopher that Plaintiff allegedly owed a debt and threatened legal action against Plaintiff.

32. To date, Keystone has not sued Plaintiff.

33. Keystone has never intended to sue Plaintiff.

34. Keystone is not, and has never been, a law firm.

35. The above-referenced empty and unlawful threats were calculated to frighten Plaintiff and coerce Plaintiff to pay the alleged debt.

36. The natural consequences of Keystone's actions was to unjustly condemn and vilify Plaintiff for her non-payment of the alleged debt.

37. The natural consequences of Keystone's statements and actions was to produce an unpleasant and/or hostile situation between Keystone and Plaintiff.

38. The natural consequences of Keystone's actions was to cause Plaintiff mental distress.

### *Alice Utter v. Gordon Syier Hawkins Brown*

39. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs 1-38 herein, with the same force and effect as if the same were set forth at length herein.

40. Brown is the owner and principal of Keystone.

41. At all relevant times, acting alone or in concert with others, Brown has formulated, directed, controlled, had the authority to control, or participated in

the acts and practices of Keystone, and its employees, including the acts and practices set forth in this Complaint.

## COUNT I
## DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

42. Defendants violated the FDCPA based on the following:

a. Defendants violated § 1692b(2) of the FDCPA when Keystone's collectors disclosed to Plaintiff's sons that Plaintiff allegedly owes a debt;

b. Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant engaged in all of the harassing, oppressing, and abusive misconduct alleged above;

c. Defendants violated § 1692d(2) of the FDCPA by the use of language the natural consequence of which is to abuse the hearer when Defendant's collector accused Plaintiff of committing a crime;

d. Defendants violated § 1692e of the FDCPA by their use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendants engaged in, at least, the following discrete violations of § 1692e;

e. Defendants violated § 1692e(2)(A) of the FDCPA by their false

representation of the character, amount, or legal status of any debt when Keystone's collectors made unlawful and empty threats to Plaintiff;

f. Defendants violated § 1692e(3) of the FDCPA by their false representation or implication that any individual is an attorney or that any communication is from an attorney when Keystone's collectors answered the phone with the greeting "law firm" and Keystone is not and has never been a law firm;

g. Defendants violated § 1692e(4) of the FDCPA by their representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action when Keystone's collectors made unlawful and empty threats to Plaintiff;

h. Defendants violated § 1692e(5) of the FDCPA by their threat to take any action that cannot legally be taken or that is not intended to be taken when Keystone's collectors made unlawful and empty threats to Plaintiff;

i. Defendants violated § 1692e(7) of the FDCPA by their false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer when Keystone's collectors made such accusations;

j. Defendants violated § 1692e(10) of the FDCPA by using any false

representation or deceptive means to collect or attempt to collect any debt when Keystone engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

k.  Defendants violated § 1692f of the FDCPA by their use of unfair or unconscionable means to collect or attempt to collect any debt when Keystone engaged in all of the misconduct alleged;

l.  Defendants violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiff's oral dispute of the validity of the alleged debt and continuing to assume the validity of the alleged debt when Keystone employed coercive and harassing tactics in its attempts to collect the alleged debt despite Plaintiff's dispute of the alleged debt; and

m. Defendants violated § 1692g(b) of the FDCPA by engaging in collection activities and communication that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when Keystone ignored Plaintiff's oral dispute of the alleged debt and employed coercive and harassing tactics in its attempts to collect the alleged debt despite Plaintiff's dispute of the alleged debt.

WHEREFORE, Plaintiff, ALICE UTTER, respectfully requests judgment be entered against Defendants, KEYSTONE WEALTH MANAGEMENT GROUP LLC and GORDON SYIER HAWKINS BROWN, for the following:

43. Actual damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k;

44. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

45. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

46. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANTS VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

47. Plaintiff repeats and re-alleges paragraphs 1-46 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

48. Defendants violated the RFDCPA based on the following:

   a. Defendants violated the § 1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called when despite Plaintiff disputing the alleged debt, Defendants continued to place collection calls to Plaintiff's telephone number unabated in an attempt to collect the alleged debt;

   b. Defendants violated § 1788.13(j) of the RFDCPA by their false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made when Defendants made empty threats of legal action against Plaintiff; and

c.  Defendants violated the § 1788.17 of the RFDCPA by failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq.* as detailed *supra* in Count I.

WHEREFORE, Plaintiff, ALICE UTTER, respectfully requests judgment be entered against Defendants, KEYSTONE WEALTH MANAGEMENT GROUP LLC and GORDON SYIER HAWKINS BROWN, for the following:

49. Actual damages pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(a);

50. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b);

51. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

52. Any other relief that this Honorable Court deems appropriate.


DATED:  February 19, 2021

Respectfully submitted,
AGRUSS LAW FIRM, LLC

By: /s/ Michael S. Agruss
Michael S. Agruss
Attorney for Plaintiff
ALICE UTTER